Gaston, Judge.
 

 Were it necessary to decide on the fact of notice, we should probably have little difficulty in determining it against the defendant. While he denies, by his answer, knowledge of the bond, he states several circumstances, tending to show information respecting the claim of the plaintiff, as should have put him upon his guard; and according to the law of a court of equity, is equivalent to notice. But as in our view of the case the fact of notice is an immaterial one, we forbear from determining it.
 

 By the marriage, Freeman acquired a legal title to the slave in question. This legal title was, by virtue of the
 
 *391
 
 bond, charged specifically with the trusts therein declared. An agreement for a mortgage, is, in equity, a mortgage, and a lien upon the land agreed to be mortgaged, against the creditors of the mortgagor.
 
 Burn
 
 v.
 
 Burn,
 
 3 Vesey, 573. An equitable mortgagee has a specific lien, even against the prerogative of the crown, in respect of a debt accruing to the king subsequently.
 
 Casberd
 
 v.
 
 Ward,
 
 6 Price, 411.
 
 Picton
 
 v.
 
 Philpot,
 
 12 Price, 197. One covenants before marriage to settle certain lands on his wife for life, and afterwards devises these lands for the payment of his debts; this covenant is a specific lien on those lands, against the creditors. But if he had covenanted to settle land, of a certain value, without mentioning any in certain, then there would have been no specific lien, and the wife must have come in as a creditor in general.
 
 Frenault
 
 v.
 
 Dedin,
 
 1 P. Wms. 429. This specific lien was good against the creditors of Freeman. There is no allegation or pretence, that the equitable settlement was not
 
 bona fide.
 
 It was a provision made for the intended wife and her children, only to the extent of her then property. Our act of 1785,
 
 (Rev. c.
 
 238, s. 2,) permits a marriage settlement, or other marriage contract, to avail against creditors, when a greater value is not secured to the wife, than the portion received with her, and the net estate of the husband, at the time of his marriage, exclusive of his debts.
 

 The bond was registered within the time prescribed by the first section of this act, for the registration of marriage settlements, and other marriage contracts, binding the estates of husbands. This was a necessary ceremony, to give validity to this equitable settlement, against the creditors of Freeman.
 

 From the preamble of the act, and from the language of its several enactments, it is obvious, that it is the creditors of the husband whom it designs to protect against deception and injury.
 

 This equitable settlement, being unimpeached for fraud, not exceeding the amount permitted to be thus settled, and having the notoriety prescribed by law, and being therefore, good and valid against the husband’s creditors,
 
 *392
 
 with or without actual notice, must be good and valid against those who succeed simply to the rights of those creditors, with or without notice. A sale under a
 
 fieri facias,
 
 is the prescribed mode in which the law carries into effect its seizure of the property of a debtor, for the satisfaction of the demand of his creditors. The mandate gives no authority to the officer, to seize any other estate, than the estate of the debtor; and the vendee under the execution acquires no other estate, than the law directed to be seized for this purpose. The vendee represents the judgment-creditor, but is not regarded a purchaser from the proprietor. The well known doctrine of equity, which refuses to enforce a trust against a purchaser for valuable consideration, and without notice, applies only in cases of sales
 
 between parties,
 
 not to vendees under executions. If the bond in this case had not been registered, as no notice would have made it binding upon the creditor, none would have given it validity against the vendee at the sale under the creditor’s execution. Registered or not registered, it would have been enforced against a purchaser, (from the husband,) with notice of the lien. It would be absurd if all could be prohibited from buying at an execution-sale, what a creditor had a right, by execution, to seize and sell; and scarcely less so, if what could not be rightfully seized by execution, might nevertheless be rightfully bought at a sale under it. Cases may occur, in which a vendee at an execution-sale may be protected, or relieved against valid liens upon the property, because of fraud in the incumbrancer, concealing his demand. But these belong to a different head of equity, and have no application to the subject now under consideration.
 

 It is the opinion of the court, that the plaintiffs are entitled to a decree for the negro, and for his hire and profits since the death of Freeman ; and to costs, against the defendant, Hill, Under the circumstances of this case, the trustees must pay their own costs.
 

 Per Curiam. Decree accordingly.